UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ZEISER MOTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1261 CDP |
| | ) | |
| SENTRY SELECT INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The parties have filed cross motions for summary judgment seeking to establish whether the claims against Zeiser Motors, Inc. in an underlying state case are covered by its policy with Sentry Select Insurance Company. The claims in the underlying case allege that Zeiser charged customers an improper document preparation fee. Zeiser argues that the claims are covered under two provisions of its policy with Sentry Select – Coverage A and Coverage D – which cover claims brought under Truth-in-Lending statutes and claims based on errors in title preparation, respectively. Sentry argues that neither of these provisions provides coverage for the claims against Zeiser because the claims allege intentional acts that are excluded from coverage. I will grant the motions in part and deny them in part. Sentry owes Zeiser a duty to defend under Coverage D because the claims in

the underlying state case potentially arise from errors committed during the preparation of title documents. Coverage A does not provide coverage because the complaint in the state case does not assert a claim under a Truth-in-Lending statute.

## Background

Zeiser Motors sells automobiles. In 2007, Zeiser Motors charged a customer a $99 document preparation fee as part of the cash price of an automobile. Shortly afterwards, the customer filed a class action complaint against Zeiser Motors claiming that the $99 document preparation fee was improper on a variety of grounds.

The class action complaint alleged that Zeiser charged the fee for the preparation of "purchase agreements, invoices, retail installment contracts, title work, financing documents and other instruments and/or documents of legal significance that affect or relate to secular rights and title to property." The class claims that this fee violates Missouri laws against the unauthorized practice of law, Mo. Rev. Stat. § 484.010, *et seq.*, and against deceptive merchandising practices, Mo. Rev. Stat. § 401.010, *et seq.*, and that it constitutes negligence and negligence *per se*. The class action complaint alternatively claims that Zeiser Motors acted "carelessly," "negligently," "recklessly," "intentionally,"

"maliciously," and "corruptly." These plaintiffs also seek punitive damages based on Zeiser Motors' allegedly intentional or malicious actions.

Shortly after Zeiser Motors received notice of the class action, it filed a claim with its insurer, Sentry Select Insurance Company, for the costs of the litigation. Zeiser's insurance contract with Sentry provided coverage for claims against Zeiser arising from various types of "errors or omissions," although the policy does not define the terms "error" or "omissions." When Zeiser sought coverage under Coverages A and D of its policy, Sentry Select denied coverage under both provisions.

Coverage A provided coverage for negligent "errors or omissions which result in civil violation of" any state or federal "Truth-in-Lending statute." Coverage D covered claims for "damages" that Zeiser Motors must pay "arising from negligent errors or omissions committed by an 'insured' during 'title paper preparation.'" The policy defined "[t]itle paper preparation" as "the preparation of official title papers for registering an 'auto' sold by an 'insured,'. . . . " The policy excluded coverage for both Truth-in-Lending or title preparation errors or omissions if Zeiser Motors' actions were "[d]ishonest, malicious, fraudulent, criminal, or intentional acts or omissions." The policy under either Coverage A or D provides a $500,000 general aggregate limit and a $250,000 per occurrence

limit.

After refusing to indemnify Zeiser under Coverages A and D, Sentry Select informed Zeiser that the claims against Zeiser were only covered by a Garage Operations endorsement. Coverage under the Garage Operations endorsement is limited to $25,000 of defense costs. As of the filing of these motions, Sentry Select has provided $18,024.16 in defense costs.[1]

**Analysis**

On a motion for summary judgment, the facts and inferences are viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**1.     Coverage A - Truth-in-Lending Errors and Omissions**

Zeiser Motors argues that the claims against it in the class action fall within Coverage A of its policy with Sentry Select. Under Missouri law, an "insurer has

---

[1] Although the parties argue about this Garage Operations endorsement, Sentry has not denied that it applies, and there is no dispute about it in the case.

a duty to defend when its insured is exposed to potential liability based on the facts known at the outset of the case, no matter how unlikely it is that the insured will be found liable." *Penn-Star Ins. Co. v. Griffey*, 306 S.W.3d 591, 596-97 (Mo. Ct. App. 2010) (internal quotations omitted). The duty to defend is determined by "comparing the relevant policy provisions with the allegations of liability in the petition" as well as the facts that the insurer knew or could have reasonably ascertained. *Penn-Star*, 306 S.W.3d at 596-97. Courts must give language its plain meaning when interpreting the terms of an insurance contract. *Shahan v. Shahan*, 988 S.W.2d 529, 535 (Mo. 1999).

The claims against Zeiser in the class action do not fall within the limits of Coverage A. Coverage A is limited to "errors or omissions which result in civil violation of" state or federal "Truth-in-Lending" statutes. In the class action complaint, there are no allegations that Zeiser violated a statute that has been identified as a truth-in-lending statute. Instead, Zeiser argues that the statutes relied upon in the class action complaint are similar enough to a Truth-in-Lending statute to trigger Coverage A. Specifically, Zeiser argues that the class action claims fall under Coverage A "[b]ecause the allegations in the class action complaint clearly allege that Zeiser did violate a state law concerning lending." However, neither of the statutes that Zeiser relies upon explicitly relate to lending,

and even if they did, not every law related to lending is a Truth-in-Lending statute.

The federal Truth-in-Lending Act "does not substantively regulate consumer credit." *Rendler v. Corus Bank*, 272 F.3d 992, 996 (7th Cir. 2001). Instead, it is limited to ensuring that lenders provide "appropriate disclosure at the time of a loan or extension of credit of the terms and conditions under which credit is being extended." *Landers Auto Group No. One, Inc. v. Continental Western Ins. Co.*, 621 F.3d 810, 813 (8th Cir. 2010); *see* 15 U.S.C. § 1601. The only potentially relevant statute at issue in the class action complaint prohibits false and deceptive merchandising practices. Missouri's Merchandising Practices Act prohibits "deception, fraud, . . . or omission of any material fact in connection with the sale or advertisement of any merchandise . . . ." Mo. Rev. Stat., § 407.020 (2001). This statute does not explicitly relate to lending on its face, it is not directed at ensuring that consumers make educated decisions when accepting consumer credit, and it does not mention or require that a lender make any specific disclosures before extending consumer credit. In addition, even if parts of this statute were similar to a truth-in-lending statute, the class action complaint would not implicate those provisions because the complaint does not make any specific factual allegations relating to activities within the area of concern of a truth-in-lending statute. Specifically, the class action complaint does not mention any facts

regarding the disclosures that Zeiser made, or should have made, before extending credit to the plaintiffs in the class action suit.  As a result, the claims in the class action complaint are not potentially within Coverage A of Zeiser's policy with Sentry Select and Sentry does not owe Zeiser a duty to defend in the underlying suit.  Accordingly, because Sentry does not owe Zeiser a duty to defend, it also does not owe Zeiser to indemnify it in the underlying suit under this coverage, if Zeiser is ultimately found liable, because the duty to defend is broader than the duty to indemnify.  *See Penn-Star*, 306 S.W.3d at 601 ("The duty to defend is broader than the duty to indemnify.").

### 2. Coverage D - Title Errors and Omissions

Sentry denies that it owes Zeiser Motors a duty to defend it in the class action suit based on Coverage D, which provides coverage for claims arising from errors committed during title preparation.  Sentry Select argues that coverage under this provision is limited exclusively to claims arising from typographical or other errors on the face of the title papers.  Zeiser contends that Coverage D includes other errors relating to title preparation, such as charging improper fees for preparing title documents.  If the allegations in the underlying complaint potentially fall within the coverage of the policy, Sentry Select owes Zeiser a duty to defend in the class action suit.  *See Penn-Star*, 306 S.W.3d at 596-97.  "A

contract is ambiguous only if reasonable people may fairly and honestly differ in their construction of the terms because the terms are susceptible to more than one meaning." *Gateway Hotel Holdings, Inc. v. Lexington Ins. Co.*, 275 S.W.3d 268, 275 (Mo. Ct. App. 2008). "Ambiguous language is construed against the insurer." *Id.* at 275-76.

Although it is possible to read Coverage D as narrowly as Sentry Select suggests, when considered as a whole, Zeiser's broader reading of the coverage is more appropriate. There is no language in the contract limiting "errors or omissions" to typographical errors or errors on the face of the title document and there is no language limiting the term "arising from" to claims based on the content of the title document. Instead, the provision explicitly includes claims beyond those based on errors on the face of the title, such as claims arising from errors "during" the "preparation" of title papers, instead of simply covering claims arising from errors *in* the title documents themselves. The class action complaint alleges that Zeiser charged an improper fee for the preparation of title documents. Therefore, the wording of the policy is sufficiently broad to potentially bring the claims in the class action complaint within Coverage D.

Sentry Select argues, however, that the claims against Zeiser Motors would not be covered, even if they arose from an error during title preparation, because

the complaint alleges that the acts were done maliciously or intentionally. Sentry's argument on this point is unpersuasive because it ignores relevant claims in the class action complaint and disregards clearly established Missouri law. An insurer owes its insured a duty to defend if "the allegations and ascertainable facts establish any potential or possible coverage, . . . even if the petition contains other claims that would not be covered." *Penn-Star*, 306 S.W.3d at 597. The policy specifically includes claims arising from negligent conduct and the class action complaint specifically alleges that Zeiser Motors acted negligently. Therefore, despite the class action complaint's alternative allegations about malicious and intentional conduct, the fact that it also alleges negligent conduct is sufficient to trigger coverage under its policy with Sentry Select. As a result, I find that the claims in the class action suit potentially fall within Coverage D of Zeiser Motors' policy with Sentry Select and Sentry owes Zeiser a duty to defend in the underlying case.

However, it is not yet appropriate to decide the issue of whether Sentry will also ultimately owe Zeiser a duty to indemnify it under Coverage D. "The duty to indemnify is determined by the facts as they are established at trial or as they are finally determined by some other means, such as summary judgment." *Penn-Star*, 306 S.W.3d at 601 (quotations omitted). In their cross-motions, neither party

asserts that the underlying case has proceeded to summary judgment or verdict and neither party directly asserts any arguments specific to Sentry's duty to indemnify, although they both refer to it in their conclusions. As a result, it appears that the issue of Sentry's duty to indemnify is not yet ripe for consideration.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [#18] is granted only to the extent that defendant owes it a duty to defend under Coverage D, and denied in all other respects.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [#20] is granted only to the extent that Coverage A does not impose upon it either a duty to defend or a duty to indemnify, but it is denied in all other respects.

**IT IS HEREBY ORDERED** that a supplemental scheduling conference is set for **Thursday, May 26, 2011 at 1:30 p.m.** in my chambers. The parties shall submit a joint plan proposing a schedule for resolving the remainder of this case no later than **Thursday, May 19, 2011**.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2011.