UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ZEISER MOTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1261 CDP |
| | ) | |
| SENTRY SELECT INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Sentry Select Insurance Company requests that the Court reconsider its order granting partial summary judgment to plaintiff Zeiser Motors, Inc. on the issue of Sentry Select's duty to defend Zeiser Motors in an underlying state case.  Alternatively, Sentry Select asks that this issue be certified for interlocutory appeal or that the Court stay this case until the underlying state litigation is resolved.  I will deny Sentry Select's motion because it has not provided a legitimate basis for reconsidering the order, because this case does not involve any important or close legal issues, and because Sentry Select has not shown good cause for suspending the development of this case.

### Background

Zeiser Motors seeks a declaratory judgment that its insurer, Sentry Select,

owes it a duty to defend and indemnify it in an underlying state lawsuit.  The
claims against Zeiser Motors in the underlying state case include allegations that
Zeiser Motors improperly charged a fee for preparing title documents in association
with the sale of automobiles.  Coverage D of the parties' insurance policy covers
claims for "damages" that Zeiser Motors must pay "arising from negligent errors or
omissions committed by an 'insured' during 'title paper preparation.'"

The parties filed motions for summary judgment limited to the issues of
insurance coverage in January of 2011.  After reviewing the parties' submissions, I
entered an order on April 26, 2011 granting plaintiff's motion, in part, and holding
that Sentry Select owed Zeiser Motors a duty to defend in the underlying state
litigation.  I found that, under Missouri law, Coverage D of the parties' insurance
policy potentially provides coverage for claims against Zeiser Motors for
improperly charging a fee during title preparation, in addition to covering claims
arising from errors on the face of the title documents.

## Analysis

Sentry Select argues that the Court should reconsider its order because the
Court erred when it found that Sentry Select owed Zeiser Motors a duty to defend
under Coverage D.  Specifically, Sentry Select argues that "while the first sentence
[of Coverage D] provides coverage for errors or omissions arising from the

-2-

preparation of official title papers, the second sentence limits coverage to those situations where the insured is being sued for an error or omission 'in the title registration.'"  However, it is well settled that "[i]f a contract promises something at one point and takes it away at another, there is an ambiguity . . . . [b]ecause the ambiguity is in an insurance contract it is to be resolved in favor of the insured and against the insurer." *Burns v. Smith*, 303 S.W.3d 505, 512 (Mo. 2010).  Therefore, even if Sentry Select is correct that the two sentences of Coverage D are in conflict, Missouri law requires that the ambiguity be construed in favor of Zeiser Motors and in favor of finding that Sentry Select owes Zeiser Motors a duty to defend in the underlying state suit.  Because Sentry Select's grounds for reconsideration lead to the same result reached in my previous order, I will deny Sentry Select's motion to reconsider.

Similarly, Sentry Select is not entitled to an interlocutory appeal on this issue.  Sentry Select first requests that the Court certify this issue for an interlocutory appeal under Rule 54(b).  A district "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b) (West 2011).  "In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative

interests, particularly the interest in preventing piecemeal appeals." *Clark v. Baka*, 593 F.3d 712, 715 (8th Cir. 2010) (quoting *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir.2008)).  "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *McAdams*, 533 F.3d at 928 (quoting *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir.1983)).  "[I]nterlocutory appeals under Rule 54(b) are generally disfavored."  *Clos v. Corrections Corp. of America*, 597 F.3d 925, 928 (8th Cir. 2010) (internal quotations omitted).

Sentry Select has not shown that an interlocutory appeal is necessary or appropriate in this case under Rule 54(b).  Sentry Select's own motion indicates that it is likely that the parties will appeal the outcome of Zeiser's vexatious refusal claim when that claim is addressed, regardless of which party prevails in this Court. Therefore, allowing an appeal on this issue will almost certainly result in disfavored piecemeal appeals.  Balanced against this, Sentry Select has not identified any urgent need to appeal this issue or any hardship or injustice that would result from refusing to immediately certify this issue for appeal.  Sentry Select has also failed to demonstrate any meritorious basis for appealing this issue. Instead, Sentry Select merely argues that the decision was wrong and that the appeal might be resolved before this case is scheduled to go to trial.  The lack of

any demonstrable need for an interlocutory appeal on this issue, when weighed

against the likelihood that an appeal at this stage will result in unnecessary and

inefficient piecemeal appeals, makes this issue inappropriate for appeal under Rule

54(b).

Sentry Select's argument that an interlocutory appeal is warranted under 28

U.S.C. § 1292(b) is also unpersuasive.  Courts should grant permission to allow

interlocutory appeals under § 1292(b) "sparingly and with discrimination" because

"most often such appeals result in additional burdens on both the court and the

litigants."  *Union County, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th

Cir. 2008) (quoting *White v. Nix*, 43 F.3d 374, 376 (8th Cir.1994)).  The party

seeking an interlocutory appeal under § 1292(b) "bears the heavy burden of

demonstrating the case is an exceptional one in which immediate appeal is

warranted."  *Id.* (quotations omitted); *see e.g., Simon v. G.D. Searle & Co.*, 816

F.2d 397, 399 (8th Cir.1987) (finding that litigation of forty consolidated cases was

extraordinary circumstance).  A district court may certify an order for interlocutory

appeal if the court finds that the "order involves a controlling question of law as to

which there is substantial ground for difference of opinion and that an immediate

appeal from the order may materially advance the ultimate termination of the

litigation."  28 U.S.C. § 1292(b) (West 2011).  A lack of precedent directly

addressing the issue in dispute does not constitute substantial ground for difference of opinion. *Union County*, 525 F.3d at 647.

Sentry Select has not shown that an interlocutory appeal under § 1292(b) is appropriate. Missouri courts do not disagree on any of the relevant legal standards in question and there is not a lack of precedent on this issue. Instead, the legal principles involved in determining Sentry Select's duty to defend are well settled under Missouri law and the application of those legal standards is relatively straightforward. In addition, it is hard to imagine how allowing Sentry Select to interrupt this litigation in order to appeal this issue will "materially advance" this litigation, as required by the statute. As a result, I find that Sentry Select has not demonstrated that it is entitled to an interlocutory appeal under § 1292(b).

Finally, Sentry Select has not shown that a stay is appropriate at this time. A supplemental scheduling order has been entered in this case. That order provided a schedule for the parties to engage in discovery regarding the remaining claims in this case and specified that it would "be modified only upon a showing of exceptional circumstances." Sentry Select has not argued or offered any reason that Zeiser Motors' vexatious refusal claim should be stayed pending the resolution of the underlying state case. Sentry Select only argues that Zeiser Motors' claim for indemnity will not be ripe until the underlying state litigation is resolved.

However, Sentry Select has not provided any argument or evidence indicating that the circumstances of this case, or the underlying state litigation, have changed since entry of the scheduling order and it has failed to explain why the parties should not continue to develop their claims while the underlying litigation proceeds to trial. There is no reason to believe, at present, that the trial in this case  – currently scheduled for more than nine months from today – will need to be postponed to accommodate the underlying state litigation and, even if there were a possibility that the underlying case would not be resolved before trial is scheduled in this case, there will be ample time between now and July of 2012 to consider the issue.  In the meantime, the parties should proceed according to the schedule entered on June 1, 2011.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reconsideration [#32] is DENIED.

**IT IS FURTHER ORDERED** that defendant's motion for extension of time to complete mediation [#35] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2011.

-7-